UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRYAN M. BARNES,

    Plaintiff,

vs.                                      CASE NO: 3:08-cv-217-J-33JRK

SHERIFF JOHN RUTHERFORD, in his
official capacity as Sheriff of the City of
Jacksonville, Florida; C.M. WEIPPART,
in his individual capacity; and R.W. BELTZ,
in his individual capacity,

    Defendants.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Bryan M. Barnes, brings this action seeking monetary damages, attorney's fees, and costs against Defendants and alleges the following:

1. This is an action for damages, attorney's fees and costs for the deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, as well as claims under Florida law.

## JURISDICTION AND VENUE

2. Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. §§1983 and 1988 and 28 U.S.C. §§1331 and 1343, as to the federal claims herein. The court has supplemental jurisdiction as to the state law claims pursuant to 28 U.S.C. §1367.

3. Venue in this district is proper pursuant to 28 U.S.C. §1391, in that the cause of action arose in this district.

## PARTIES

4. Plaintiff, Bryan M. Barnes ("Plaintiff"), is an adult resident of Jacksonville, Duval County, Florida, and is a citizen of the United States.

5. Defendant, John Rutherford, in his official capacity as Sheriff of the City of Jacksonville, Florida, was, at all times relevant, responsible for the supervision, training, instruction, discipline, control and conduct of police officers of the Jacksonville Sheriff's Office and made policy for the Jacksonville Sheriff's Office with respect to searches, seizures, arrests and use of force. At all times relevant, Defendant Rutherford had the power, right and duty to train and control his officers, agents and employees to conform to the Constitution of the United States and to ensure that all orders, rules, instructions, and regulations promulgated for the Jacksonville Sheriff's Office were consistent with the Constitution of the United States. At all times relevant, Defendant Rutherford, his agents and employees acted under color of State law.

6. Defendant, C.M. Weippert, is a sworn member of the Jacksonville Sheriff's Office. At all times relevant to this case, Weippert acted in conformance with the customs, practices, and/or policies of the Jacksonville Sheriff's Office and acted under color of state law.

7. Defendant, R.W. Beltz, is a sworn member of the Jacksonville Sheriff's Office. At all times relevant to this case, Beltz acted in conformance with the customs, practices, and/or policies of the Jacksonville Sheriff's Office and acted under color of state law.

## FACTUAL ALLEGATIONS

8. On or about January 12, 2006, Plaintiff Barnes was traveling as one of two passengers in an automobile, which was involved in an accident on Floral Bluff Road, Jacksonville, Florida.

9. Following the accident, the driver of the vehicle fled from the scene, while Plaintiff Barnes and Joe Cafarella, the other passenger, remained at the scene of the accident.

10. Having previously seen the driver of the vehicle execute an unlawful "u-turn" on University Boulevard, Defendants Beltz and Weippert arrived on the scene shortly after the accident, chasing down the fleeing driver and detaining him.

11. Because the accident left the vehicle on a broken water main which was spraying water, Plaintiff Barnes attempted, unsuccessfully, to move the vehicle from the spray following the accident. After learning that the vehicle was stuck and could not be moved, Plaintiff Barnes took the vehicle out of gear, put it into "park," and exited the vehicle.

12. Shortly thereafter, Defendants Beltz and Weippert returned to the scene of the accident and, with Plaintiff Barnes and Cafarella standing approximately ten (10) to fifteen (15) feet from the vehicle and making no attempt to flee, ordered them to the ground.

13. After Plaintiff Barnes and Cafarella both complied with these instructions, Defendant Weippart kneeled on top of Plaintiff Barnes's back and cuffed his hands.

14. Plaintiff Barnes then asked if he was being arrested, and Defendant Weippart accused him of resisting.

15. Shortly thereafter, Defendant Weippart began striking blows to the back of Plaintiff Barnes's head and his shoulder area. In an attempt to elude the Officers' blows, Plaintiff Barnes tried pushing his face toward the ground. At this time, Defendant Weippart lifted Plaintiff Barnes by his torso, and Defendant Beltz delivered a blow to Plaintiff Barnes in the right jaw.

16. Plaintiff Barnes was then dropped to the ground and began "spitting up" blood.

17. Defendant Belz arrested Plaintiff Barnes on charges of resisting a law enforcement officer with violence to his person and disorderly intoxication.

18. After the beating, Defendants Weippart and Beltz called emergency medical technicians to the scene, who advised that Plaintiff Barnes should be taken to the hospital for treatment.

19. Plaintiff Barnes was taken to Shands Hospital for treatment for facial contusions and a mandible fracture (broken jaw) and then taken to the county jail for booking. Plaintiff Barnes also lost a tooth as a result of the beating.

20. Approximately one week later, Plaintiff Barnes underwent surgery, during which his jaw was wired shut.

21. Plaintiff Barnes' jaw remained wired shut for approximately six weeks and as a result lost approximately thirty (30) pounds of body weight, and was unable to work.

22. Due to the injuries sustained during the beating, Plaintiff Barnes lost his job, as well as his opportunity to become am ember of the Jacksonville Fire and Rescue Department, who had previously tendered to Plaintiff Barnes a letter of acceptance for employment..

23. During the six-week period while his jaw was wired shut, Plaintiff Barnes experienced immense physical and mental pain and suffering; his diet was limited to "Ensure" protein shakes, and soup, causing his body weight to drop from approximately 190 pounds to approximately 160 pounds. Additionally, Plaintiff Barnes has suffered pain and numbness at the site of the broken jaw, as well as severe mental distress.

## COUNT I - BELZ - UNREASONABLE SEARCH AND SEIZURE

24. Paragraphs 1 through 23, above, are realleged and incorporated by reference herein.

25. Defendant Belz arrested Plaintiff Barnes without probable cause or even arguable probable cause.

26. Defendant Belz' actions in arresting Plaintiff Barnes constitute an unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

27. The actions and inactions alleged above were undertaken with Defendant Belz' willful, wanton, callous and knowing disregard to the clearly established rights of Plaintiff Barnes under the law to be free from unreasonable searches and seizures.

28. As a direct and proximate result of Defendant Belz' unlawful search and seizure, Plaintiff Barnes suffered damages, including but not limited to, loss of liberty, monetary loss of earnings, injury to reputation, humiliation and sever emotion and psychological distress.

WHEREFORE, Plaintiff Barnes demands judgment against Defendant R.W. Belz, individually, for:

      (a)    action and compensatory damages;

      (b)    punitive damages;

      (c)    an award of attorney's fees and costs; and

      (d)    any other relief this Court deems just and proper.

## COUNT II – WEIPPART – UNREASONABLE SEARCH AND SEIZURE (EXCESSIVE FORCE)

29. Paragraphs 1 through 23, above, are realleged and incorporated by reference herein.

30. Defendant Weippart's actions in seizing and beating Plaintiff Barnes constitute an unreasonable search and seizure of Plaintiff Barnes under the Fourth Amendment to the United States Constitution.

31. The actions and inactions alleged above were undertaken with Weippart's willful, wanton, callous and knowing disregard to the clearly established rights of Plaintiff Barnes under the law to be free from unreasonable searches and seizures.

32. As a direct and proximate result of Weippart's unlawful search and seizure, Plaintiff Barnes suffered damages, including, but not limited to, severe pain and suffering, physical injuries, monetary loss of earnings and severe emotional and psychological distress.

WHEREFORE, Plaintiff Barnes demands judgment against Defendant, C.M. Weippart, individually, for:

    (a)    actual and compensatory damages;

    (b)    punitive damages;

    (c)    an award of attorney's fees and costs; and

    (d)    any other relief this Court deems just and proper.

### COUNT III – BELTZ – UNREASONABLE SEARCH AND SEIZURE (EXCESSIVE FORCE)

33. Paragraphs 1 through 23, above, are realleged and incorporated by reference herein.

34. Defendant R. W. Beltz' actions in seizing and beating Plaintiff Barnes constitute an unreasonable search and seizure of Plaintiff Barnes under the Fourth Amendment to the United States Constitution.

35. The actions and inactions alleged above were undertaken with Beltz' willful, wanton, callous and knowing disregard of the clearly established rights of Plaintiff Barnes under the law to be free from unreasonable searches and seizures.

36. As a direct and proximate result of Beltz' unlawful search and seizure, Plaintiff Barnes suffered damages, including, but not limited to, severe pain and suffering, physical injuries, monetary loss of earnings and severe emotional and psychological distress.

WHEREFORE, Plaintiff Barnes demands judgment against Defendant, R.W. Beltz, individually, for:

    (a)    actual and compensatory damages;

    (b)    punitive damages;

    (c)    an award of attorney's fees and costs; and

    (d)    any other relief this Court deems just and proper.

## COUNT IV – MUNICIPAL LIABILITY

37. Paragraph 1 through 23, above, are realleged and incorporated by reference herein.

38. Defendant, City of Jacksonville, its agents and employees, acting within their authority and under color of state law, instituted and followed practices, customs and policies which directly resulted in the false arrest of and use of excessive force against Bryan Barnes which was the moving force causing his injuries and is actionable under 42 U.S.C. §1983 as a violation of the Fourth and Fourteenth Amendments to the United States Constitution. The City has a widespread custom and practice of making false arrest and using excessive force, and by failing to discipline its officers for making false arrest and the use of excessive force against Plaintiff Barnes, Defendant has

ratified the officers' decision and reasons for those decisions, thus constituting a practice, custom or policy. Alternatively, the officers acting on the scene were the final policymakers for the City, as their decisions were not immediately or effectively reviewable.

39.     As a direct and proximate result of the willful and deliberate action or inaction of the City, Plaintiff Barnes has suffered damages, including, but not limited to, loss of liberty, injury to reputation, humiliation, severe pain and suffering, physical injuries, monetary loss of earnings and severe emotional and psychological distress.

40.     The actions or inactions alleged above were undertaken or failed to be undertaken because of the City's willful, wanton, callous and knowing disregard of the clearly established rights of Plaintiff Barnes to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff Barnes demands judgment against Defendant, Sheriff Rutherford, in his official capacity as Sheriff of the City of Jacksonville for:

   (a)   actual and compensatory damages;

   (b)   an award of attorney's fees and costs; and

   (c)   any other relief this Court deems just and proper.

## COUNT V - STATE LAW CLAIM - FALSE IMPRISONMENT

41.     Paragraphs 1 through 23, above, are realleged and incorporated by reference herein.

42.     Plaintiff has satisfied all conditions precedent to bringing this action as required pursuant to §768.28, Fla. Stat. (2007) and §§112-201-112.205, Jacksonville Ordinance Code.

43. Employees of the Jacksonville Sheriff's Office unlawfully restrained Plaintiff Barnes against his will under circumstances where such detention was unreasonable and unwarranted.

44. As a result of the false arrest, Plaintiff Barnes suffered loss of liberty, monetary loss of earnings, injury to reputation, humiliation and severe emotional and psychological distress.

WHEREFORE, Plaintiff Barnes demands judgment against Sheriff Rutherford, in his official capacity as Sheriff for the City of Jacksonville, for:

    (a)    actual and compensatory damages;

    (b)    costs; and

    (c)    any other relief this Court deems just and proper.

## COUNT VI – STATE LAW CLAIM – BATTERY

45. Paragraphs 1 through 23, above, are realleged and incorporated by reference herein.

46. Plaintiff Barnes has satisfied all conditions precedent to bringing this action as required pursuant to §768.28, Fla. Stat. (2007) and §§112.201-112.205, Jacksonville Ordinance Code.

47. Employees of the Jacksonville Sheriff's Office actually and intentionally struck Plaintiff Barnes against his will, without legal justification.

48. Sheriff Rutherford, having given his officers the authority to use force against Plaintiff, is liable for abuse of such authority.

49. Plaintiff Barnes, as a result of Weippart's and Beltz' battery and abuse of their authority, suffered severe pain and suffering, physical injuries, monetary loss, pain and suffering, mental anguish and emotional distress.

WHEREFORE, Plaintiff Barnes demands judgment against Sheriff Rutherford, in his official capacity as Sheriff of the City of Jacksonville, for:

(a) actual and compensatory damages;

(b) costs; and

(c) any other relief this Court deems just and proper.

## COUNT VI – STATE LAW CLAIM – NEGLIGENCE

50. Paragraphs 1 through 23, above, are realleged and incorporated by reference herein.

51. Plaintiff Barnes has satisfied all conditions precedent to bringing this action as required pursuant to §768.28, Fla. Stat. (2004) and §§112.201 - 112.205, Jacksonville Ordinance Code.

52. Employees of the Jacksonville Sheriff's Office owed a duty to Plaintiff Barnes to use reasonable care in effectuating his seizure.

53. Employees of the Jacksonville Sheriff's Office breached the duty owed to Plaintiff Barnes by falsely arresting and using excessive force against Plaintiff Barnes and by failing to adequately train and supervise law enforcement personnel.

54. As a result of the negligence of the Jacksonville Sheriff's Office, Plaintiff Barnes suffered damages, including but not limited to, loss of liberty, monetary loss of earnings, injury to reputation, humiliation, physical pain and suffering, physical injures, and sever emotional distress and mental anguish.

WHEREFORE, Plaintiff Barnes demands judgment against the Sheriff Rutherford for:

    (a)    actual and compensatory damages;

    (b)    costs; and

    (c)    any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Barnes hereby demands trial by jury on all issues so triable.

DATED this 29th day of February, 2008.

                                      Respectfully submitted,

                                      Wm. J. Sheppard, Esquire
                                      Florida Bar No.:  109154
                                      D. Gray Thomas, Esquire
                                      Florida Bar No.:  956041
                                      Matthew R. Kachergus, Esquire
                                      Florida Bar No.:  503282
                                      Sheppard, White, Thomas & Kachergus, P.A.
                                      215 Washington Street
                                      Jacksonville, Florida 32202
                                      Telephone:    (904) 356-9661
                                      Facsimile:    (904) 356-9667
                                      Email:    sheplaw@att.net
                                      COUNSEL FOR PLAINTIFF

ldh[barnes.complaint]